Kim N. CONRAD, LCPL/USMC, Plaintiff-Appellant,

v.

James SCHLESINGER, Secretary of Defense, et al., Defendant-Appellee.

No. 73–3183.

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1974.

Alex Landon, of Pancer & Landon, San Diego, Cal., for plaintiff-appellant.

Harry D. Steward, U. S. Atty., Richard A. Block, Sp. Asst. U. S. Atty., San Diego, Cal., for defendant-appellee.

Before TRASK, CHOY and GOODWIN, Circuit Judges.

## OPINION

PER CURIAM:

Conrad petitioned for a writ of *habeas corpus* contending that the Marine Corps wrongfully denied his application for separation from the Corps on the basis of conscientious objection. The district court ruled that the denial of the application was without any basis in fact, but conditioned Conrad's release from the Corps pending completion of a court-martial sentence imposed for sale of heroin and unauthorized absence. Conrad appeals from the conditions imposed on the grant of the writ.[1] We affirm.

While conceding that the sale of heroin charge was unrelated to the wrongful denial of the CO application, appellant contends that the denial was the "proximate cause" of his unauthorized absence and so he should not be subject to punishment for that offense.[2] The court below found that the wrongful denial was not the proximate cause of appellant's unauthorized absence, even though it occurred in direct response thereto—that appellant had acted unreasonably in absenting himself from duty without authorization when he had federal court remedies which he could have pursued.

Conrad on appeal contends that the court was mistaken when it held that the unauthorized absence was not the proximate result of the wrongful CO denial.

 Even if Conrad's motivation was the wrongful denial, he is not entitled to be released before completion of his sentence. Parisi v. Davidson, 405 U.S. 34, 45 n. 13, 92 S.Ct. 815, 31 L.Ed.2d

17 (1972), makes clear that the determination of whether a wrongful CO denial may be a defense to military charges is to be left to military courts in accordance with "their special function of administering military law." That determination has been made by the Court of Military Appeals, and it is now settled that such a denial does not constitute a defense to military criminal charges. U. S. v. Lenox, 21 U.S.C.M.A. 314, 45 C.M.R. 88 (1972).

The court-martial charges are independent of the wrongful CO denial and the writ may not be granted until the military sentence has been served.

Affirmed.

---

1. The Government has not cross-appealed from the decision of the district court that the denial of Conrad's CO application was without basis in fact, so that issue is not before us.

2. Since the court-martial punishment did not specify whether the sentences were concurrent or consecutive, there is no way of determining if the "concurrent sentence rule" applies.